IN THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Arctic Zero, Inc.; Del Monte Partners LLC; ) <br> Optimum Frozen Foods, Inc., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> Ohio Security Insurance Company, ) <br> ) <br> Defendant. ) | Case No. 6:26-cv-02310-SAC <br><br><br><br><br> **OPINION AND ORDER** |

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Fourth Cause

of Action pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 4.  Plaintiffs filed a

response on June 25, 2026, and Defendant filed a reply on June 26, 2026.  ECF Nos. 10; 13.  For

the reasons discussed below, the Court grants the Motion.

## BACKGROUND

Plaintiffs are "corporations operating as a frozen dessert manufacturer" located at 600 S

Florida Ave., Greenville, South Carolina 29611 (the "Property").  ECF No. 1-1 ¶¶ 1-6.  Plaintiffs

maintained an insurance policy with Defendant that covered the Property.  *Id*. ¶ 7.  On May 6,

2024, severe storms caused damage to the Property and Plaintiffs subsequently made a claim with

Defendant.  *Id*. ¶¶ 9-13.  Defendant first denied Plaintiffs' claim on the grounds that there was no

physical damage then, after a second inspection, on the grounds that the damage was due to wear,

tear, and deterioration.  *Id*. ¶¶ 15-24.

Plaintiffs assert claims for (1) breach of contract, (2) costs and attorney's fees, (3) bad faith,

and (4) violation of South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10 et seq.

("SCUTPA"), alleging Defendant took an unreasonable position in denying coverage despite clear

evidence of damage.  *Id*. ¶¶ 30-64.

## STANDARD OF REVIEW

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim should be dismissed if it fails to state a claim upon which relief can be granted.  When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff."  *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments."  *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).  Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference.  *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31-32 (4th Cir. 1985).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*.  The plausibility standard reflects the threshold requirement of Rule 8(a)(2)— the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the defendant's liability.  *Twombly*, 550 U.S. at 557; *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  (internal quotation marks omitted)).  Accordingly, the plausibility standard requires a petitioner to articulate facts that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible the

2

petitioner is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

## **ANALYSIS**

Defendant argues Plaintiffs' fourth cause of action for violation of SCUTPA should be dismissed under Fed. R. Civ. P. 12(b)(6) because insurance companies are exempt under SCUTPA. ECF No. 4 at 2–3 (citing cases). The Court agrees.

SCUTPA expressly exempts practices related to insurance. *See* S.C. Code § 39-5-40(c) ("All unfair trade practices regarding the insurance business are regulated by the Insurance Trade Practices Act, §§ 38-57-10 et seq., and are exempt from the coverage of SCUTPA."). As this Court explained

> Chapter 57 clearly is intended to define and regulate all unfair trade practices in the business of insurance. SCUTPA, through § 39-5-40(c), provides a clear exemption for the practices covered by Chapter 57. Therefore, all unfair trade practices regarding the insurance business are regulated by the Insurance Trade Practices Act, §§ 38-57-10 et seq., and are exempt from the coverage of SCUTPA.

*Trustees of Grace Reformed Episcopal Church v. Charleston Ins.*, 868 F. Supp. 128, 130–31 (D.S.C. 1994); *see, e.g.*, *Hill v. Canal Ins.*, No. 7:12-330-TMC, 2012 WL 3135402, at *3 (D.S.C. Aug. 1, 2012) ("Insurance providers are separately regulated under South Carolina law and are not subject to the SCUPTA"). Indeed, the South Carolina Supreme Court recently clarified "the only claims available to the insured under an insurance contract are contract and bad faith claims." *Hood v. United Servs. Auto Assoc.*, 910 S.E.2d 767, 773 (S.C. 2025).

In response, Plaintiffs argue that their claims fall under Chapter 59 of Title 38 and thus may be asserted under SCUTPA because the Act does not specifically exempt Chapter 59. ECF No. 10 at 6-9. This misses the mark, as Chapter 59 is part of the Improper Claims Practices Act

("ICPA") and does not cover unfair trade practices. *See* S.C. Code §§ 38-59-10 *et seq.* All unfair trade practices regarding insurance business are regulated by Chapter 57 and are exempt from coverage of SCUTPA. *See, e.g., Trustees of Grace*, 868 F. Supp. at 130-31. Moreover, it is well established that third parties do not have a private right of action under Chapter 59 and are instead entitled to administrative review before the Chief Insurance Commissioner. *Gaskins v. S. Farm Bureau Cas. Ins.*, 541 S.E.2d 269, 272 (S.C. Ct. App. 2000) ("A cause of action . . . under section 38-59-20 only entitles [a third party] to an administrative remedy"); *see also Porterfield v. State Farm Fire & Cas. Co.*, No. 3:22-cv-00748-SAL, 2024 WL 3585977, at *4 (D.S.C. Mar. 27, 2024) ("[The defendant] also rightly contends that the [plaintiffs] cannot recover for bad faith under the ICPA. As courts in this district have noted, the statute does not create a private right of action." (internal citation omitted)). Thus, even if Plaintiffs *were* alleging claims under Title 38, Chapter 59 — which is not clearly stated in the Complaint — these claims cannot be asserted under SCUTPA or on their own, and are therefore subject to dismissal.

### CONCLUSION

For these reasons, Defendant's Motion to Dismiss Plaintiffs' Fourth Cause of Action [ECF No. 4] is GRANTED and Plaintiffs' fourth cause of action is DISMISSED with prejudice.

IT IS SO ORDERED.

_____
United States District Judge

August 4, 2026
Greenville, South Carolina

4